# The Atlantic and Ohio Telegraph Co. *versus* The Commonwealth.

1. A telegraph company incorporated by Pennsylvania, leased its line to another company, who agreed to pay "10 per cent. per annum upon the par value of the stock, excepting the amount owned at the time of each payment by the said lessee;" the lessee owned almost all the stock of the lessor. *Held*, that tax was to be paid to the Commonwealth on dividends at the rate of 10 per cent. on the whole capital of the lessor.

2. The treasurer of the lessor returned 10 per cent. as the amount of dividend. *Held*, that this was the true evidence to the auditor-general of the dividend declared.

3. The Commonwealth had nothing to do with the relations between the lessors and lessees.

4. A declared dividend furnishes the measure for the tax.

[Atlantic and Ohio Telegraph Co. *v.* Commonwealth.]

May 19th 1870. Before THOMPSON, C. J., READ, AGNEW and SHARSWOOD, JJ.

Error to the Court of Common Pleas of *Dauphin county :* No. 16, to May Term 1870.

This was an appeal by the Atlantic and Ohio Telegraph Company from the settlement of the accounting officers of the Commonwealth, made October 28th 1868.

The settlement was as follows :—

"For tax on capital stock, per Act of April 12th 1859, and Act of May 1st 1868, for years 1864, 1865, 1866 and 1867, ending first Monday of November of each year, as per reports herewith filed.

| | |
|---|---:|
| "1864. Div'd 13 per ct. on $650,000. Tax, 6½ mills | $4,225.00 |
| "Add 10 per ct. penalty for failure to report per Act April 21st 1858, and Act May 1st 1868 . | 422.50 |
| "1865. Div'd 10 per ct. on $650,000. Tax, 5 mills | 3,250.00 |
| "Add 10 per ct. per Act April 21st 1858 and Act May 1st 1868 . . . . . . . | 325.00 |
| "1866. Div'd 10 per ct. on $650,000. Tax, 5 mills | 3,250.00 |
| "Add 10 per ct. per Act April 21st 1858, and Act May 1st 1868 . . . . . . . | 325.00 |
| "1867. Div'd 10 per ct. on $650,000. Tax, 5 mills | 3,250.00 |
| "Due Commonwealth . . . . | $15,047.50" |

The defendants appealed, and filed these specifications :—

" The said settlement was based on a report of dividends, made by one H. H. Shillingford, who was formerly treasurer of said company, alleged to have been made by the said company during the year aforesaid ; which said report is false and erroneous in fact, and was not authorized by the officers of this company. Whereas, the said settlement should have been made upon the basis of the true and correct report of dividends furnished the auditor-general, on the 5th day of August 1868, by O. H. Palmer, the then treasurer of this company.

" The entire amount of dividends declared for the capital stock of the Atlantic and Ohio Telegraph Company, during the years embraced in this settlement, was the sum of $100,700, on its entire capital, as appears by the report made by O. H. Palmer, as aforesaid, and as the appellants are ready to verify ; whereas, the tax in this case is levied upon the capital stock, as if dividends had been declared thereon during the years aforesaid, amounting in the aggregate to the sum of $279,500, making a difference of $10,012.50, as against the appellants on the tax above, and a proportionate sum on the penalties annexed."

The defendant was incorporated by the Commonwealth of

Pennsylvania by Act of March 24th 1849. It owned and operated a line of telegraph in this state.

On the trial, May 4th 1869, the Commonwealth proved and gave in evidence the following returns, all made by H. H. Shillingford, the treasurer of defendant, on the 7th of October 1867.

Report for year ending November 1864:

Capital paid in　.　.　.　.　.　.　. $650,000

Dividends declared in January, April, July and October.

" Amount of each dividend declared, $26,000, $26,000, $16,250, $16,250.

" Rate per cent. per annum of dividends 13 per cent."

Report for year ending November 1865; * * *

" Amount of each dividend declared, $16,250, $16,250, $16,250, $16,250.

" Rate per cent. per annum of dividends 10 per cent."

Report for the years ending November 1866 and November 1867, the same as for year ending November 1865.

The Commonwealth gave in evidence the settlement and rested.

The defendants then gave in evidence an agreement, dated April 15th 1864, between the defendants of the first part and the Western Union Telegraph Company of the second part, which witnessed that " the said party of the first part, in pursuance of a resolution of their board of directors, &c., does hereby lease to the party of the second part for the term of ten years, commencing on the 1st day of April 1864, and continue thereafter until terminated by six months' notice, at the option of either party, all their telegraph lines, instruments, property, offices and franchises, with the right to work said lines at the expense of the party of the second part, and enjoy the profits of the same as fully and effectually as heretofore done by the party of the first part; and the party of the second part agreeing to assume all the present indebtedness, liabilities, contracts and obligations of the party of the first part.

" And in consideration of the aforesaid lease, the said party of the second part does hereby covenant and agree to pay, free from taxes, in quarterly payments of two and a half per cent. each, in April, July, October and January, in each and every year of the term, to the treasurer of the party of the first part, at the rate of ten per cent. upon the par value of the stock in said company, excepting the amount owned at the time of each payment by the said lessee party of the second part, the stock being $50 per share. The party of the second part also agree to keep said lines in repair, and deliver them and all their appertenances covered by this agreement over to the party of the first part, at the expiration of this lease, in as good working order as they now are. It is also understood and agreed between the parties hereto, that the party of the first part shall have the privilege of making

[Atlantic and Ohio Telegraph Co. *v.* Commonwealth.]

the usual quarterly dividend of $2 per share during the present month." * * *

Signed by the officers of the company under the corporate seal. To the agreement was appended—

"By.the authority conferred upon me by the Western Union Telegraph Company, as per resolution hereunto attached, I hereby agree on behalf of said Western Union Telegraph Company, *to* exchange at the rate of $1400 of the Western Union Telegraph Company's stock, for $2000 of the stock in the '.Atlantic & Ohio Telegraph Company;" or to pay in cash $70 per share for the stock of the said 'Atlantic & Ohio Telegraph Company.' This agreement not to be binding after the 16th day of May next.

"Philadelphia, April 15th 1864.           J. H. WADE."

They then called W. H. Abell, auditor of the Western Union Telegraph Company. He testified that the first interest under the lease was paid in July 1864; the number of shares outstanding not owned by the company was 410; they were reduced in April 1869 to 139. Witness gave a statement of · dividends declared by the Western Union Telegraph Company. He testified:—"They are applied to the Atlantic & Ohio Line, as that represents the entire amount made by the Western Union Co., in proportion to its length of line;—on the whole capital not including outstanding stock;—it shows what the dividends were on that part held by' the defendants." The statement was headed:

"Interest paid by Western Union Telegraph Company to Atlantic and Ohio stockholders."

It commenced July 1864, and ended April 1869, on different numbers of shares of stock, from 410 in 1864 to 130 in 1864, the rate of dividend of 10 per cent. per annum paid quarterly, and the aggregate amount of dividends during the period was $3685.

H. H. Shillingford testified, that as treasurer of defendants he had received for some time from the Western Union Co. dividends at 10 per cent. for all the stockholders of the defendants except the Western Union Co.; afterwards that company remitted directly to the stockholders.

Judge Pearson charged:—

"The Atlantic and Ohio Telegraph Company was incorporated under the laws of Pennsylvania, with a capital stock of $650,000, went into operation, and at the time of lease to Western Union Company, was declaring dividends of 13 per cent. per annum. On the 15th day of April 1864 this lease was made, by which it was agreed to pay 10 per cent. per annum to the stockholders of the company on the par value of the stock, *excepting the amount owned at the time of each payment by the lessee,* and the tenant to

[Atlantic and Ohio Telegraph Co. *v.* Commonwealth.]

pay all taxes. This sum of 10 per cent. was the amount on which the tax on capital stock must be computed under the various Acts of Assembly. No returns were made to the auditor-general by the Atlantic and Ohio Company or its lessee for the years 1864, 1865, 1866 and 1867, until produced by repeated solicitations; but in October 1867 Mr. Shillingford, the treasurer, made his report under oath, as required by law, showing that 10 per cent. dividends were made on the capital stock, that being the sum paid by him to each stockholder, except the Western Union Company, which settled its affairs in its own way. The amount of its dividends was not furnished to the treasurer to be paid out. The company was subject to a penalty of 10 per cent. on each year's taxes for its neglect to report. This was included in the settlement; and as to the exaction of the penalty, no exception is taken in the specifications, consequently that is not in the issue. The return made by the treasurer is primâ facie correct and binding on the company, until a mistake is clearly proved. The error is attempted to be established by showing that the Western Union Company made no profits equal to 10 per cent. dividends on the stock of the Atlantic and Ohio Company. Only about one-half of that sum was divided among its stockholders on its whole lines, nor would this company, if standing alone, have made such profits. It is conceded that the outstanding stock was paid that amount; but it is said that the contract would not have been made but for the privilege of absorbing the stock of that company, as provided in the lease. [We are unable to see how that stock is absorbed. If the individual stockholders transferred to the Western Union after the lease, that company, if it can hold it at all, retains it intact,—it still remains the stock of the Atlantic and Ohio Company, and is entitled to its 10 per cent. dividends. If sold to others, the purchasers could demand the 10 per cent. according to the lease, and if no dividends are claimed on the stock by the Western Union Company, the state has the right to treat the stock as of the value paid to those receiving dividends.] We greatly doubt the right of the Western Union Company to buy this stock, as no authority is shown in its charter to make such purchases: but even if it could be held by its officers as trustees, it is still outstanding, and entitled to the dividends. By such a purchase the value of stock in a Pennsylvania corporation cannot be destroyed or lessened, so as to affect the right of the state to its taxes. The state is not bound to accept the dividends made by a corporation it never chartered in lieu of one of its own creation. [We are of the opinion that the amount of dividends paid to the stockholders of the Atlantic and Ohio Company is the true and proper evidence of the value of the stock under the Act of Assembly; that no sufficient evidence is shown of any error in the report of the treasurer, which must,

under all of the circumstances, be taken to have been correct, and therefore your verdict must be in favor of the Commonwealth for the amount fixed by the settlement, as it is conceded to have been predicated of that return. On the sum so found due you will compute interest for the time and at the rate fixed by the Act of Assembly to which we have referred."]

The verdict was for the plaintiff for $15,684.49.

The defendants took out a writ of error, assigning for error the parts of the charge included in brackets.

*G. L. Crawford* and *D. Fleming* (with whom was *B. H. Brewster*), for plaintiffs in error.

*L. W. Smith* and *F. C. Brewster*, Attorney-General, for Commonwealth, defendant in error.

The opinion of the court was delivered, July 7th 1870, by

THOMPSON, C. J.—It seems to us, that the only question in the cause is, whether the court below, in regarding the return of the treasurer of the Ohio and Atlantic Telegraph Company to the auditor-general, as the true evidence of what dividends it declared for the years embraced by the settlement in the auditor-general's office, committed an error. We think it did not. In looking at the question before us, confusion begins only when we allow our attention to be attracted to the relation existing between the Atlantic and Ohio Company and the Western Union Company. But what has the state to do with the last-named company in enforcing her claim upon the former? Literally nothing. She is dealing with her own corporation, and acting solely on the evidence of its doings in regard to the subject of its liability to taxes, viz., dividends made or declared. This is shown by its proper officer, the treasurer, in his return to the auditor-general; and the basis of that return is the dividends declared and paid. The company admits by its instrument under seal, that its stockholders are to receive from another company, for the use of its lines, money enough to enable it to divide 10 per cent. amongst all its stockholders, except stock held by its lessee. The latter chose to pay itself what it pleased. Was not this contract and its execution sufficient to prove a proper basis of calculation in regard to all the stock? Any other basis would have been wrong in regard to the state. She had nothing to do with the trades and bargains between these two companies. She has a mode of estimating and collecting her taxes from her own corporations, no matter who holds the stock. By whomsoever the stock is held the measure of the tax is upon the dividends declared, and no such thing as partial dividends is ever to be presumed. When a dividend is declared, that gives the measure and furnishes the

rule for the tax. Dividends were declared for all the years to which the settlements apply, and the basis of the settlement in the auditor-general's office was faultless. We have been shown no error in any part of the record, and the judgment is

Affirmed.